**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUNVALLEY SOLAR, INC., | No. 15-56802 |
| Plaintiff - Appellant, | D.C. No. 2:15-cv-05099-PSG-JPR |
| v. | |
| CEEG (SHANGHAI) SOLAR SCIENCE & TECHNOLOGY CO., LTD. and CHINA SUNERGY (NANJING) CO., LTD., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted May 8, 2017[**]
Pasadena, California

Before: WALLACE, CHRISTEN, and WATFORD, Circuit Judges.

Sunvalley Solar, Inc. (Sunvalley) appeals from the district court's judgment

granting CEEG (Shanghai) Solar Science & Technology Co., Ltd. and China

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sunergy (Nanjing) Co., Ltd.'s (Defendants) motion to compel arbitration. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

"We review *de novo* district court decisions about the arbitrability of claims." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013). "Any doubts about the scope of arbitrable issues, including applicable contract defenses, are to be resolved in favor of arbitration." *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1022 (9th Cir. 2016). Furthermore, when deciding whether a valid arbitration agreement exists, we apply "ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

Here, the district court did not err by granting Defendants' motion to compel arbitration and to dismiss the case. In 2008, Sunvalley agreed to purchase crystalline photovoltaic modules from Defendants. The parties entered into a distribution contract that set forth the general terms of the agreement. The distribution contract was silent as to arbitration. The distribution contract, however, established that each individual transaction would be governed by a "specific purchase order." The terms of the distribution contract would apply "in case of any contradiction with the said purchase orders." All of the transactions at issue in this case involved a specific purchase order, each of which contained an arbitration

clause. Accordingly, pursuant to the terms of the specific purchase orders, the district court determined that the entire dispute must be arbitrated.

Sunvalley argues that the distribution contract, which was silent as to arbitration, is the only contract implicated by the dispute, and thus that the specific purchase orders' arbitration clauses do not apply. Not so. The distribution contract cannot be read in isolation, as it specifically called for individual purchase orders for each transaction. The terms of the specific purchase orders did not conflict with the distribution contract, and thus the arbitration clauses contained therein apply to the dispute between Sunvalley and Defendants.

**AFFIRMED.**